**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case No. 3:12-cv-00745-MR
[Criminal Case No. 3:07-cr-00260-MR-1]**

| | |
|---|---|
| JAMEL WILLIAM MITCHELL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of Petitioner's "Motion to Vacate Sentence under 28 U.S.C. § 2255" [Doc. 1][1] and the Government's Response to Petitioner's Motion to Vacate and Motion to Dismiss as Untimely [Doc. 6]. For the reasons that follow, Petitioner's § 2255 motion will be dismissed.

**I.    BACKGROUND**

On November 15, 2007, Petitioner was charged in a Bill of Indictment with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to

---
[1] Petitioner originally included alternative petitions for relief pursuant to 28 U.S.C. § 2241, the writ of error *coram nobis*, and the writ of *audita querela*. Petitioner later filed a voluntary dismissal of these claims. [Doc. 3].

distribute five (5) or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count Two); and possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). [Criminal Case No. 3:07-cr-00260-MR ("CR"), Doc. 1: Bill of Indictment]. On February 4, 2008, Petitioner entered into a written plea agreement with the Government pursuant to which he agreed to plead guilty to Counts One and Two in exchange for the Government's agreement to dismiss Count Three. [CR Doc. 12: Plea Agreement].

Prior to Petitioner's sentencing, the United States Probation Office prepared a presentence report ("PSR"), in which the probation officer noted that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1 and calculated a total offense level of 31 based on his career offender status.[2] [CR Doc. 17: PSR at ¶¶ 29-31]. With a criminal history category of VI, Petitioner's Guidelines range was calculated to be 188 to 235 months' imprisonment for Count Two. [Id. at ¶ 76]. The probation officer further noted that because the statutory maximum sentence of imprisonment for Count One was less than the low end of the guideline range for Count Two, the

---

[2] The career offender designation was based on two prior North Carolina convictions for controlled substance offenses: a 2001 conviction for delivery of cocaine, for which Petitioner received a suspended term of 8-10 months' imprisonment, and a 2003 conviction for possession with intent to sell and/or deliver cocaine, for which Petitioner received an active term of 8-10 months in prison. [CR Doc. 17: PSR ¶¶ 29, 41, 44].

2

guideline term of imprisonment for Count One was 120 months. [Id. at ¶ 76 (citing U.S.S.G. § 5G1.1(a))].

On June 25, 2008, Petitioner was sentenced to a term of 120 months' imprisonment on Count One, and a concurrent term of 188 months' imprisonment on Count Two. The Court entered its Judgment on July 8, 2008. [CR Doc. 20: Judgment]. Petitioner did not appeal.

On November 8, 2012, Petitioner, through counsel, filed the present motion to vacate, arguing that, pursuant to the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his prior North Carolina convictions were not felony drug offenses and therefore he no longer qualifies as a career offender pursuant to U.S.S.G. § 4B1.1.[3] [Doc. 1]. The Government opposes the Petitioner's motion and moves to dismiss this action as untimely. The parties' contentions will be addressed below.

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings"

---

[3] While Petitioner argues that the felony drug offenses underlying his career offender status are now infirm, he does not challenge the validity of his conviction for being a felon for the purposes of § 922(g)(1), as Petitioner sustained a North Carolina state conviction in 2002 for possession of a firearm by a felon, for which he received a term of 13-16 months' imprisonment. [See CR Doc. 17: PSR at ¶ 44].

3

in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

**A. Petitioner's Motion is Untimely**

A motion to vacate pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitation, which runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, the Petitioner's judgment became final when his time for filing an appeal expired, or ten days after the Court entered its

Judgment. The Petitioner's motion to vacate, however, was not filed until November 8, 2012, more than four years after his judgment became final. His motion therefore is untimely under § 2255(f)(1).

The Petitioner contends that his motion is nevertheless timely pursuant to § 2255(f)(4), which gives a petitioner one year to file from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Specifically, the Petitioner argues that the facts supporting his claim would not have been discovered through the exercise of due diligence before the Simmons decision become final. [Doc. 2 at 17]. He further contends that if he had filed his claim prior to the Simmons decision, it "would have been summarily rejected." [Id. at 18].

The Petitioner's argument is without merit. As the Fourth Circuit recently explained, "A conviction is a fact for sentencing purposes, but a relevant legal rule is not. Simmons, unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved." Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc), pet. for cert. filed Mar. 20, 2015. Because the Simmons decision "represented a change of law, not fact," id., the Petitioner's motion cannot be

considered timely under § 2255(f)(4).[4]  In any event, Petitioner filed his motion more than one year after the filing of the decision in Simmons.

The Petitioner argues alternatively that the statute of limitations should be equitably tolled, because he was prevented from timely filing his motion due to the unfavorable Fourth Circuit precedent that would have governed his claim had he raised it prior to the Simmons decision. [Doc. 1 at 18-19]. Equitable tolling, however, does not apply where "the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." Whiteside, 775 F.3d at 186.  Accordingly, the Petitioner's claim for equitable tolling fails.

For the foregoing reasons, the Court concludes that the Petitioner's motion to vacate is subject to dismissal on the grounds of untimeliness.

**B.     Petitioner's Motion Fails to Present a Cognizable Claim**

Even if the Court could reach the merits of the Petitioner's motion, it would still be subject to dismissal because it does not present a cognizable claim.

Section 2255 provides, in pertinent part, that a prisoner may be entitled to relief on the grounds that the "sentence was imposed in violation of the

---

[4] Petitioner does not contend that his motion to vacate is timely under either § 2255(f)(2) or (f)(3), and therefore, the Court need not address the applicability of these provisions.

Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). As the Supreme Court has recognized, a petitioner is only entitled to relief under 28 U.S.C. § 2255 on the basis of a nonconstitutional error if the case presents an error of law that constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Stone v. Powell, 425 U.S. 465, 477 n.10 (1976); see also Hill v. United States, 368 U.S. 424, 428 (1962).

Here, the alleged sentencing error did not stem from a constitutional error or result in an unlawful sentence in excess of the maximum authorized by law. Instead, the Petitioner's entire claim relates to the Court's application of the career offender enhancement. In order to obtain relief for such a claim under § 2255, the Petitioner must show that the alleged sentencing error resulted in a complete miscarriage of justice. The Petitioner was not subject to a mandatory minimum sentence but instead was sentenced pursuant to an advisory guidelines range. The resulting sentence was well below the statutory maximum of 40 years' imprisonment. See United States v. Pregent, 190 F.3d 270, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'"). Thus, while the career offender designation may have affected the ultimate sentence imposed, it did not ultimately affect the lawfulness of the

Petitioner's sentence. See United States v. Foote, __ F.3d __, 2015 WL 1883538, at *9-*10 (4th Cir. Apr. 27, 2015) (holding that petitioner's erroneous career offender designation was "not a fundamental defect" resulting in "a complete miscarriage of justice"); Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (holding that misapplication of the Guidelines cannot support § 2255 claim); cf. United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) (holding, when the Sentencing Guidelines were mandatory, that misapplication of Sentencing Guidelines is not cognizable under § 2255, because "a misapplication of the guidelines typically does not constitute a miscarriage of justice").

Accordingly, for these reasons, the Court concludes that the Petitioner has failed to state a cognizable claim under § 2255.

## IV.   CONCLUSION

Based on the foregoing, the Court concludes that the Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss [Doc. 6] is **GRANTED**, and Petitioner's Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 26, 2015

Martin Reidinger
United States District Judge